

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. O-6151
Re: Whether a person holding the
office of County Commissioner
is required by law to be a
property taxpayer.

Your letter of August 7, 1944, requesting the opinion
of this department on the questions stated therein, is, in part,
as follows:

"I should like an opinion of your department on t he
following question:

"'Is a person holding the office of County Commission-
er required by law to be a property taxpayer?'

"In briefing this question, I have been unable to
find any law requiring a person to be a property taxpayer
of the County or State in order to qualify for the office
of County Commissioner.

"In the absence of any statute to such effect, it is
my opinion that a person is not required to be a property
taxpayer to hold the office of County Commissioner."

We thank you for briefing the question submitted and
agree with the opinion expressed by you.

Section 18, Article 5, of the State Constitution,
provides in part:
". . . . .Each county shall in like manner be divided
into four commissioners precincts in each of which the re
shall be elected by the qualified voters thereof one county
commissioner, who shall hold his office for two years and
until his successor shall be elected and qualified.  The
county commissioners so chosen, with the county judge as
presiding officer, shall compose the county commissioners'
court which shall exercise such powers and jurisdiction
over all county business, as is conferred by this Consti-

tution and the laws of the State, or as may be hereafter prescribed."

Article 2339, Vernon's Annotated Civil Statutes, reads as follows:

"Each county shall be divided into four commissioners' precincts, and one commissioner shall be elected biannually in each precinct, and each commissioner shall hold his office for two years."

Article 2340, Vernon's Annotated Civil Statutes, provides:

"Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of the county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes."

Article 2927, Vernon's Annotated Civil Statutes, provides:

"No person shall be eligible to any State, County, precinct or municipal office in this State, unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for a period of twelve months and six months in the county, precinct or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under the primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special or primary election."

Generally speaking, eligibility to office belongs equally to all persons not excluded by the Constitution or statutes, and not exclusively or specifically to persons enjoy-

ing the right of suffrage; and disability to hold office is not to be imposed on any citizen except under authority given by law. The Legislature may not change or add to qualifications for an office, nor take away disqualifications, that are prescribed by the Constitution. After a careful search, we have been unable to find any constitutional or statutory provision requiring a county commissioner to be a property taxpayer in order to qualify as a county commissioner. Therefore, you are respectfully advised that it is the opinion of this department, that a county commissioner is not required by law to be a property taxpayer, in order to qualify as a county commissioner. Stated another way, if a county commissioner is otherwise qualified under the statutes and Constitution, he is eligible to hold the office of county commissioner whether he is a property taxpayer or not.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

. By

Ardell Williams
Assistant

APPROVED AUGUST 16, 1944
s/ Geo. P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee
By BWB, Chairman

AW:rt/ct